**Date Signed:**
April 3, 2024



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>PANIOLO CABLE COMPANY, LLC,<br><br>　　　　　　　Debtor. | Case No.: 18-01319<br>Chapter 11 |
| MICHAEL KATZENSTEIN, as CHAPTER 11 TRUSTEE,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>CLEARCOM, INC.<br><br>　　　　　　　Defendant. | Adv. Pro. No.: 21-90004<br><br><br><br>Related: ECF 112 |

# ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT TO DISMISS COUNT III

The plaintiff moves to dismiss count III of his complaint. He points out that the court granted partial summary judgment in the plaintiff's favor on counts I and II. He states that Count III is an alternative legal basis for granting the same damages that the court already awarded. He therefore wishes to drop Count III so the court can enter a final judgment. For the following reasons, the motion is GRANTED and the hearing is cancelled.

When a plaintiff wishes to drop some of its claims, the defendant is almost always delighted. But in this case, defendant Clearcom, Inc., insists that the plaintiff should be forced to try a claim against Clearcom that the plaintiff wants to drop.

Clearcom takes this position because it believes that the court's partial summary judgment was wrong. It thinks that the plaintiff did not adequately prove its damages. Clearcom therefore hopes to use a trial on Count III in order to undercut the partial summary judgment on Counts I and II.

U.S. Bankruptcy Court - Hawaii   #21-90004   Dkt # 119   Filed  04/03/24   Page 2 of 4

Clearcom's position is frivolous. A trial is not an opportunity for a party to seek reconsideration of partial summary judgment rulings. At trial, the court would not allow Clearcom to challenge the evidentiary foundation for the partial summary judgments. Dropping Count III will not deprive Clearcom of any opportunity to which it is entitled.

Good cause exists to change the deadline to amend pleadings under the scheduling order. Fed. R. Bankr. P. 7016(a), incorporating Fed. R. Civ. P. 16(b)(4). The plaintiff has diligently prosecuted this case. He sought partial summary judgment within the time limit established by the scheduling order, and he moved to dismiss the remaining count promptly after the court granted the second partial summary judgment.

More importantly, the grant of partial summary judgment on Counts I and II means that the outcome of Count III will not affect anyone: if the plaintiff prevailed on Count III, he would not recover any additional damages; and if Clearcom prevailed on Count III, its liability would not

3

change. Good cause exists to modify the schedule in order to avoid a wholly useless trial.

For the same reasons, the interests of justice require granting leave to amend the complaint. Fed. R. Bankr. P. 7015, incorporating Fed. R. Civ. P. 15(a)(2). It would be unjust to force the plaintiff to undergo a wholly unnecessary trial, particularly where Clearcom wants a trial only because it hopes to get another bite at the summary judgment apple.

Clearcom accuses the plaintiff of "gamesmanship." But it is Clearcom, not the plaintiff, that has consistently played games in this adversary proceeding (and in the main bankruptcy case).

Plaintiff's counsel shall prepare and submit a proposed order granting this motion and a proposed final judgment.

**END OF ORDER**